[Civ. No. 24561. Second Dist., Div. Two. Nov. 15, 1960.]

LEONA LURIE, Appellant, v. NORMAN NELSON et al., Respondents.

Miller, Vandergrift, Middleton & Sackin and S. V. O. Prichard for Appellant.

Kinkle & Rodiger and George P. Kinkle, Jr., for Respondents.

FOX, P. J.—Plaintiff appeals from a judgment for defendants in an action for personal injuries. The sole ground of appeal is based upon the refusal of the trial court to instruct the jury in the language of section 22100, subdivision (a) of the Vehicle Code (formerly and at the time of the trial, Veh. Code, § 540). Section 22100, subdivision (a), reads: "Right Turns. Both the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway."

The accident occurred June 9, 1956, on Pacific Coast Highway at the intersection of Hawthorne Boulevard. Traffic at the intersection is controlled by signals. Plaintiff was riding in a car owned and driven by Mrs. Journey. They were proceeding west on Pacific Coast Highway in the second lane right of the center line and as they reached the intersection of Hawthorne Boulevard, the signal was red. Mrs. Journey

brought her car to a complete stop, still in the same lane of traffic. There were no vehicles stopped ahead or to the right of the Journey car although there may have been a car on the left, in the lane next to the center line. There was a paved portion of highway to the right wide enough to accommodate another vehicle, although it is not clear whether the "third" lane was marked with a white line.

Several seconds after making a full stop the Journey car was struck from behind by a tank truck driven by defendant Nelson and owned by defendant Superior Vacuum Truck Service.[1] Plaintiff was thrown about in the car and suffered various injuries.

Nelson testified that as he approached the intersection, he had formed the intention of making a right turn onto Hawthorne Boulevard. He was also travelling west on Pacific Coast Highway at about 20 to 25 miles per hour and in the same traffic lane as the Journey vehicle. At about 200 to 300 feet east of the intersection, he observed the Journey car stopped for the red light. He slowed the truck to approximately 15 to 20 miles per hour by light application of the brakes. When he was three car lengths or about "50 feet or so" from the Journey car, he fully applied his brakes and discovered that the power assist device was not operating. He struggled to bring the truck to a stop by applying full force on the brake pedal which still operated manually. He testified : "After I had done everything I possibly could to try to stop the truck, and realizing that I wasn't going to get stopped in time, that was when I swerved." The "swerve" was to the right and the left front of the truck struck the right rear of the Journey car, causing damage to the car in the amount of $46.70.

After the accident, Nelson made a right turn on Hawthorne Boulevard, parked and conversed with Mrs. Journey and then proceeded north on Hawthorne to his destination.

During the arguments following the close of the evidence, plaintiff submitted her instruction based on section 22100, subdivision (a) of the Vehicle Code. The court refused to give the instruction.

On appeal, plaintiff argues that Nelson clearly violated section 22100, subdivision (a), because, although he "intended" to execute a right turn at the intersection, he did not

---

[1]It was stipulated that Nelson was in the course and scope of his employment when the accident occurred.

comply with the statute by making his "approach" as near as practicable to the right curb. In this connection, plaintiff contends that the evidence clearly shows that Pacific Coast Highway is three lanes wide on the westbound portion where it crosses Hawthorne. Therefore, says plaintiff, since the Journey car was in the "middle lane," Nelson should have made his approach in the extreme "right lane" next to the curb. Very logically, plaintiff argues that had Nelson made his approach in the "right lane," the accident could not have occurred. Thus, plaintiff takes the position that Nelson's violation of the law was the proximate cause of the accident. That he was negligent is clear, plaintiff argues, since the statute was enacted to protect *all* persons using the highway in the vicinity of an intersection where a motorist executes or is about to execute a right turn. Thus, violation of the statute was negligence *per se*. Therefore, the refusal of the trial court to instruct on section 22100, subdivision (a), removed the issues of negligence *per se* and proximate cause from the jury, the plaintiff assigns this as error.

Plaintiff's appeal must fail for one basic reason: On the facts, Nelson was not guilty of a violation of section 22100, subdivision (a).

█ Section 20 of the Penal Code provides: "In every crime or public offense there must exist a union, or *joint operation of act and intent,* or criminal negligence." (Emphasis added.) Thus, to be guilty of a violation of section 22100, subdivision (a), Nelson must not only have had the "intent" to execute a right turn from the wrong lane, but must have done some "act" in furtherance of that "intent." That he intended to turn right is clear; that he did no act in furtherance of that intent is also clear. █ Moreover, there was *no* showing that he intended to turn right from the middle lane. He was still 50 or 60 feet from the intersection when he discovered his brake failure and was then faced with an emergency situation requiring all of his attention in an attempt to stop his truck and avoid an accident. If he had intended to move over to the "right lane" to approach the intersection, that intent was abandoned in the emergency.

Plaintiff contends that an "approach" to a right turn must be made to the extreme right of the roadway at least 100 feet from the intersection. This argument has no merit. The statute does not define the length of approach nor could it properly do so. Under some circumstances, a 100-foot approach on the extreme right might be dangerous or even impossible, depend-

ing upon traffic flow, condition of the pavement or obstructions such as parked cars. To proclaim a hard and fast rule that the approach must be at least 100 feet from the intersection (or any arbitrary distance for that matter) would be to require an often dangerous or impossible act and the Legislature wisely refrained from so doing.

Thus, the evidence fails utterly to establish a violation of section 22100, subdivision (a). The only facts upon which plaintiff can base her argument are that Nelson intended to turn right and that he was in the "middle lane" at the time the accident occurred. There is no showing that he could safely have moved over to the far right of the highway prior to the time that he first became aware of his defective brakes nor is there any reason to believe that he did not fully intend to do so before making a right turn.

We must conclude, therefore, that there was no evidence of a violation of section 22100, subdivision (a), hence the trial court committed no error in refusing the requested instruction. In view of this conclusion, the other points made by plaintiff need not be here discussed.

The judgment is affirmed.

Nourse, J. pro tem.,* concurred.

Ashburn, J., dissented.

Appellant's petition for a hearing by the Supreme Court was denied January 10, 1961.

*Assigned by Chairman of Judicial Council.